# Hemphill v. Commonwealth.

(Decided June 12, 1936.)

VICTOR A. JORDAN and J. J. TYE for appellant.

B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Section 1165 of our present Kentucky Statutes says: "If any person shall, by fighting or otherwise, unlawfully pull or put out an eye, cut or bite off, or slit the tongue, nose, ear or lip, or cut or bite off any other limb or member of another person, he shall be confined in the penitentiary not less than one nor more than five years." The testimony for the commonwealth proved these facts, and which the jury were authorized to and did find:

Near 11 o'clock p. m. on a night in July, 1935, Dowis McDonald, a policeman in the city of Barbourville, Ky., arrested the appellant and defendant below, Parker Hemphill, for being drunk at a public place, which was on the grounds of a carnival then being conducted in that city. Ralph Tuggle was the chief of police of the city, and as McDonald started to the jail with defendant the latter exhibited some reluctance and Tuggle started along with the two; he walking on the right side of defendant, whilst McDonald was on his left side. They had scarcely gotten off the carnival grounds when defendant attacked Tuggle and threw him to the ground and was engaged in fighting him, while Tuggle was engaged defending himself by striking defendant on and about the head with his fists, creating some bruises and abrasions. In order to subdue defendant, McDonald placed around his left wrist what the witnesses describe as "twisters." About that time defendant's brother appeared, who was also intoxicated, but, perhaps, not to the extent of defendant. His remarks and attitude, together with his condition, induced Tuggle to arrest and take charge of him, whilst McDonald proceeded toward the jail with defendant as

shackled by the applied twisters. In crossing the court-house yard and just before reaching the jail, defendant, whom the proof shows to have been a physically strong man, jerked loose from McDonald and released himself from the grip of the twisters and then immediately grabbed the officer's right hand and shoved his right forefinger in his mouth and bit off the end of it back to the root of the nail. He was later indicted under the statute, supra, and he was convicted at his trial and punished by confinement in the penitentiary for the minimum prescribed period of one year.

His motion for a new trial was overruled, and he prosecutes this appeal, classifying his grounds for a reversal as (1) insufficiency of the indictment; (2) error of the court in overruling his motion for a continuance; (3) error in the admission of incompetent evidence; and (4) failure of the court to instruct upon the whole law of the case, and in overruling his motion for a peremptory instruction for acquittal. Such is the classification of errors as set out in counsel's brief, but its contents are by no means confined thereto. However, we are convinced that none of the unclassified errors nor any of the classified grounds possess the remotest materiality, and, of course, they are wholly insufficient to authorize a reversal of the conviction. The argument of counsel is based exclusively upon the assumption that defendant's testimony was not only the truth, but that it was uncontradicted. But even so, it is in all probability true that his guilt was established by his own testimony. However, putting aside that possibility, the maimed policeman and other witnesses who testified for the commonwealth clearly show that defendant intentionally, willfully, and with a malicious and evil heart perpetrated the crime for which he was indicted and convicted. Having said this much, we will now take up the discussion of the four classified grounds in the order mentioned.

1. It is vigorously contended in support of ground (1) that (a) the indictment is too short; (b) it nowhere alleges that the prosecuting witness "was maimed" by the biting off of his finger; (c) that it does not charge the maiming act committed by defendant as having been "maliciously" done, i. e., whether it was by "fighting or otherwise"; nor (d) did the indictment aver with what the charged biting was done. We feel that the

mere statement of those contentions is sufficient to refute each and all of them. Contention (a) is a unique one, since the length of an indictment has never heretofore been urged, so far as we are aware, against its validity or sufficiency. The indictment herein sets forth every element contained in the statute, saying that: "The said Parker Hemphill, on the fourth day of November, 1935, before the finding of this indictment and in the county and state aforesaid, did unlawfully and willfully, and feloniously bite off the finger of Dowis McDonald." The offense was thereby charged as having been committed in the county; before the finding of the indictment; that the maiming was done by biting; and the disfigured member was a finger of McDonald (who was "another person"); and we judicially know his finger, so maimed, was a member of his natural body. Such averments embraced every element of the offense as contained in the statute, and the commonwealth's attorney who drew it is to be commended on the conciseness employed in doing so.

In responding to contention (b) no comment is required. The fact that a necessary part of the finger of the prosecuting witness and the fact that it was bitten off by defendant and entirely severed from the remaining portion of the finger is the very essence of maiming, and the indictment, after stating those facts, is not required to also affirmatively aver and expressly state that such severance was "maiming." With respect to contention (c), the statute prescribes that the offense is committed if the maiming, as set out therein, shall be inflicted "by fighting or otherwise," from which, as is plainly apparent, the offense may be committed during a fight, or when the perpetrator is not engaged in a fight. The evident intent and purpose of the Legislature in so phrasing the statute was to prevent and guard against any construction that might be placed upon it whereby the maimer would be excluded from the application of the statute if at the time of the committing of the offense he was engaged in a fight. The purpose in enacting the statute was to punish the character of maiming therein set forth, and one of the methods of commission denounced by the statute was that of "biting."

But it is argued in support of contention (d) that the indictment fails to aver the instrumentality by which

the biting was done, i. e., whether with defendant's teeth or in some other manner, and for which reason it is fatally defective. This argument, like many other encountered fallacious ones, is for the very reason of its utter unsoundness, sometimes difficult to answer. Certainly, it could not be insisted that the statute contemplated a biting by the guilty person with his fingers, or toes, which are organs not equipped by nature for any such purpose. The statute is broad enough in its terms to include a severance of any member of the body produced by pinching with the application of some tool or implement, and, therefore, such method of committing mayhem was not intended to be embraced by the word "bite" which is also contained in the statute as a denounced method of accomplishment; all of which leads to the inevitable conclusion that the instrumentality to be employed, when the offense was committed by biting, was the perpetrator's teeth. No other conclusion is even remotely possible. Wherefore we conclude that ground (1) is wholly without foundation.

2. The affidavit for a continuance, the overruling of which is the basis of ground (2), sought to obtain the attendance of Dr.'s C. W. Folsom, Taft, Poindexter, and Theodore Bell. It was alleged that the first witness was county health officer at the time and saw defendant after being lodged in jail with some bruised and slightly gashed places on his face inflicted by McDonald after (as he testified) defendant got the officer's finger in his mouth, and in the fist fight that defendant had with Tuggle when first arrested; the latter not being present when the maiming was committed, nor was any other person present on the latter occasion, except the two participants. The absent physician witness was not made to say in his testimony as set out in the affidavit, in describing the condition of defendant's wrist, that anything more was discovered than some swelling therein, although he is made to state in the affidavit that "I was of the opinion and believed that he had suffered a fracture of one of the bones of his forearm and wrist." The purpose of that testimony was to confirm that given by defendant to the effect that McDonald was cruelly applying the twisters so as to cause him to jerk loose in order to free himself from such inflicted punishment. It will be observed, however, that the physician was made to testify to no abrasions on the wrist, nor to any

fracture therein. But if otherwise, then the possible fracture to which the physician was made to testify in the affidavit could as readily (and even more so) be accounted for because of the fights engaged in by defendant in resisting arrest and in attempting his release therefrom.

Moreover, it was not shown where the absent witness resided, and the same is true with reference to the other two alleged absent witnesses. Therefore, there was nothing to show that the testimony of either of them would ever become obtainable. The statements in the affidavit as to what the testimony of the other two absent witnesses would be, related to what occurred at the time of, or shortly following, the arrest of defendant at the carnival grounds, which was some 150 yards from where the charged maiming was committed to the place where the fight occurred between the two officers on the one side and defendant on the other with threatening demonstrations from his brother, who, as we have seen, was also later arrested. But in addition to, and independently of such facts, the court permitted the affidavit to be read as the testimony of the absent witnesses as set out therein, and we feel sure that defendant's cause was not prejudiced thereby. On the contrary, it was possibly benefited, since a number of witnesses could, no doubt, have been procured who were present at the first fight, or who saw defendant after being put in jail and who could have described the occurrences, or told the results as depicted in the affidavit as accurately as could the absent witnesses, but none of whom were offered or testified, except the jailer who testified to the bruises and slight wounds upon defendant's face. It is, therefore, clear that ground (2) is without merit.

3. The alleged incompetent evidence complained of in ground (3) consisted solely in the court permitting the prosecuting officer to state that his middle finger was also shoved by defendant into his mouth and partially bitten at the same time the end of his index finger was severed. It is useless for us to attempt to show that the complained of evidence was neither prejudicial nor erroneously admitted. It was so inseparably connected with, as well as a part of, the act of biting off the index finger as to prevent its separation from the statement of the biting constituting the offense. If, however, we

should conclude that the testimony might properly have been excluded, then there was no motion made for that purpose. In no event could that testimony have possibly prejudiced the rights of appellant.

4. In presenting the contention in support of ground (4), counsel in their brief say: "We think that instruction No. One given by the Court is defective and erroneous and fails to give the law of the case in that, the court told the jury 'that they could find the defendant guilty if they believed that the defendant unlawfully, wilfully and feloniously by fighting bit off the finger of Dowis McDonald not in his necessary or apparent necessary self defense to find the defendant guilty as charged in the indictment. We believe the law to be that he should have instructed the jury that if they believed from the evidence that Parker Hemphill unlawfully, wilfully, feloniously and maliciously did make a violent assault upon Dowis McDonald by fighting, bit off his finger, he would have given the whole law of the case." Further complaint is made in support of this ground of the action of the court in giving instruction No. 4, in which the jury were told that Tuggle and McDonald were peace officers in the city of Barbourville and had the right to arrest defendant if he committed a public offense in their presence without a warrant, and that it was his duty when so arrested to peaceably submit thereto, etc. That instruction was eminently proper and had the effect to forestall what might be relied on as a defense for the commission of the crime, growing out of any fight or combat brought about by defendant's attempt to either evade arrest or to subsequently escape therefrom. Upon the whole case it is apparent that the trial was without prejudice to any of the substantial rights of the defendant, and, since he received the minimum punishment for his crime, which produced lifelong detriment to the prosecuting witness, he has cause to rejoice rather than to complain.

Wherefore, the judgment is affirmed.